MARY PRICE

V.

JAMES M. HAY ET AL.

*Attorney and Client—Recovery of Fees—Special Contract—Associate
Counsel—Evidence—Instructions.*

1. An instruction authorizing the consideration of matters concerning
which no evidence had been introduced, is erroneous.

2. An instruction directing attention to specific parts of the evidence is
improper.

3. In an action brought by attorneys to recover for professional services,
this court holds that the jury were improperly instructed, to the effect that
the defendant is liable if she saw the plaintiffs engaged in work for her in
a former litigation and did not forbid it but accepted such service. A
certain contract with another attorney for the employment of additional
counsel, relied on by the defendant as a complete defense, should have been
taken into account.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of St. Clair County; the
Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. G. & G. A. KOERNER, for appellants.

Mr. FRANKLIN A. MCCONAUGHY, for appellee.

GREEN, P. J.   This suit was brought by appellees to recover
from appellant the amount due them for professional services

alleged to have been rendered as her attorneys and solicitors. The cause was tried by a jury. A verdict was returned finding for plaintiffs and assessing their damages at $4,000. Defendant's motion for a new trial was overruled, and a judgment rendered on the verdict, to reverse which judgment defendant took this appeal.

It was urged on behalf of appellant, in the court below, and is insisted upon here, that appellees were not employed by her, but were employed by Mr. Kase, under a written contract with appellant, whereby he was to receive $10,000 in case the will of her father was set aside, and was to associate with himself such counsel as he chose.

The litigation in which the services of appellees were rendered was the contesting of the will of appellant's father, and resulted in setting aside said will. It is claimed that even if appellees were entitled to recover, the damages awarded are excessive; and lastly it is said the second and third instructions given on behalf of plaintiffs were erroneous, and were calculated to mislead the jury. We would not be inclined to reverse the judgment except for the error in giving the instructions complained of.

The second instruction is as follows: "If they believe from the evidence, and the law as given them by the court in the other instructions in this case, that the plaintiffs should recover, they may, in fixing the amount of such recovery, take into consideration the nature and importance of the matter involved, the standing of the plaintiffs in their profession, the usual and customary charges for such services in this *and other courts,* the amount involved, and the consequent responsibility, the pains and labor bestowed, the time consumed, *the loss of other business,* and also the testimony of all other lawyers testifying as experts as to the value of such services."

This instruction was vicious in this: that by it the jury were informed they might take into consideration certain matters in fixing the amount plaintiffs should recover, concerning some of which matters no evidence had been introduced, and which, if taken into consideration, might induce the jury to increase the amount of damages beyond the sum justified by the proof.

This was the third instruction: "That if they believe from

the evidence that the defendant did not directly employ the plaintiffs as attorneys for her in the Foreman will case, yet if they further believe from the evidence that defendant saw plaintiffs doing work for her in that case, beneficial in its nature, and did not forbid it, but accepted the benefit of the work done by them, then the defendant is liable to pay for the value of the services rendered by the plaintiffs, and they must find such sum in favor of the plaintiffs as the evidence shows their services were worth."

The jury were, by this instruction, informed it was a sufficient ground for recovery, if from the evidence it appeared appellant saw appellees doing work for her in the Foreman will case, beneficial in its nature, and did not forbid it but accepted the benefit of it. This was calculated to mislead the jury by withdrawing from their consideration or omitting to direct their attention to the matter of the contract with Mr. Kase, concerning which some evidence was introduced, and which was relied upon as a complete defense to the suit. If the jury understood the instruction literally, as written, they would be bound to give a verdict for plaintiffs notwithstanding they might have believed from the evidence that Kase had employed plaintiffs and associated them with himself under the contract with appellees. It is not denied, but admitted, that defendant saw Mr. Hay doing work for her in the will case; that such work was beneficial, and that she did not forbid it; but she claimed, and there was evidence tending to prove, she supposed and had reason to suppose Mr. Hay was so appearing for her in pursuance of an arrangement with Mr. Kase under said contract. This feature of the evidence is ignored in the third instruction, and the defect is not cured by any other instruction given. The jury might, from the language used in the third instruction, have concluded the law required them to find for plaintiffs, if they worked for defendant and she knew it and did not forbid it, although Mr. Kase employed them and they were to be paid for their services out of his fee named in said contract. For the error in giving instructions two and three for appellees, the judgment is reversed and cause remanded.

*Reversed and remanded.*